# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MEGAN REUST**, on behalf of herself and others similarly situated, ) <br> 311 Ivy Hill Lane, Apartment C ) <br> Medina, Ohio 44256 ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> **MIDWEST MEDICAL TRANSPORT** ) <br> **COMPANY, LLC** ) <br> c/o Registered Agent Solutions, Inc. ) <br> 4568 Mayfield Road, Suite 204 ) <br> Cleveland, Ohio 44121 ) <br>  ) <br> Defendant. ) <br>  ) | CASE NO. <br><br> JUDGE <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> **JURY DEMAND ENDORSED HEREON** |

Plaintiff Megan Reust ("Plaintiff"), by and through the undersigned counsel, for her Class and Collective Action Complaint against Defendant Midwest Medical Transport Company, LLC ("Defendant"), states and alleges the following:

## INTRODUCTION

1. This case challenges Defendant's policies and practices that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("OMFWSA").

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. Plaintiff brings this case on

behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b) (the "FLSA Classes").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under the OMFWSA (the "Ohio Classes").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio wage-and-hour statutes because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. Plaintiff is an adult individual residing in Medina County, Ohio.

8. At all relevant times, Plaintiff and those similarly situated were non-exempt employees of Defendant within the meaning of the FLSA and the OMFWSA, who routinely worked forty (40) or more hours per workweek for Defendant.

9. Defendant is a for-profit Nebraska limited liability company, registered to do business in Ohio as a foreign limited liability company. Defendant can be served through its statutory agent Registered Agent Solutions, Inc., 4568 Mayfield Road, Suite 204, Cleveland, Ohio 44121.

10. At all relevant times, Defendant conducted business in this judicial district.

11. At all relevant times, Defendant was an employer within the meaning of the FLSA and the OMFWSA

12. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as Exhibit A.

## FACTUAL ALLEGATIONS

15. Defendant provides medical transport services to customers throughout the Midwest.

16. Within the last three years, Defendant paid Emergency Medical Technicians, such as Plaintiff and other similarly situated employees, a shift differential of $2.00 per hour when they worked certain shifts.

17. The shift differential was remuneration for employment paid to Plaintiff and other similarly situated employees.

18. Defendant failed to include the shift differential in Plaintiff's and other similarly situated employees' regular rate of pay for purposes of calculating the employees' overtime compensation.

19. Within the last three years, Defendant also paid Emergency Medical Technicians, such as Plaintiff and other similarly situated employees, retention bonuses after they have been employed by Defendant for certain lengths of time.

20. The retention bonuses are non-discretionary, insofar as the fact that the bonus is to be paid and the amount of the payment are not determined at Defendant's sole discretion at or near the end of the period for which the bonuses are paid.

21. Defendant failed to include the retention bonuses in Plaintiff's and other similarly situated employees' regular rate of pay for purposes of calculating the employees' overtime compensation.

22. As a result of Defendant's failure to include shift premiums and retention bonuses in determining Plaintiff's and other similarly situated employees' regular rate of pay for purposes of calculating the employees' overtime compensation, Plaintiff and other similarly situated were paid less overtime compensation than what they were entitled.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of other similarly-situated employees who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

24. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All former and current non-exempt hourly employees of Defendant who were paid a shift differential and/or received a retention bonus and who worked more than 40 hours in any workweek at any time within the three years preceding the date of filing of this Complaint to the present.**

25. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

26. The similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

27. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and a class of current or former employees employed by Defendant in Ohio within the last two years.

28. The Rule 23 class is defined as:

**All former and current non-exempt hourly employees of Defendant employed in Ohio who were paid a shift differential and/or received a retention bonus and who worked more than 40 hours in any workweek at any time within the two years preceding the date of filing of this Complaint to the present.**

29. The class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential classes but, upon information and belief, avers that each consists of at least 50 class members.

30. There are questions of law or fact common to the class including: whether Defendant's failure to include shift premiums and retention bonuses in regular rate of pay resulted in the underpayment of overtime compensation.

31. Plaintiff will adequately protect the interests of the class. Here interests are not antagonistic to but, rather, are in unison with, the interests of the members of the class. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the class claims in this case.

32. The questions of law or fact that are common to the class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class are common to the class as a whole, and predominate over any questions affecting only individual class members.

33. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many classes members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(Violation of Fair Labor Standards Act)**

34. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35. The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates of pay.

36. Regular rate of pay is defined as "all remuneration for employment paid to, or on behalf of, the employee," with certain exceptions, none of which apply here. 29 U.S.C. § 207(e).

37. Defendant violated the FLSA by failing to include shift premiums and retention bonuses paid to, or on behalf of, Plaintiff and those similarly-situated when calculating their regular rate of pay.

38. Defendant's practice and policy of not including all remuneration for employment paid to, or on behalf of, Plaintiff and those similarly-situated when calculating their regular rate of pay caused them to receive less overtime compensation than they were entitled in violation of the FLSA.

39. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

40. As a result of Defendant's practices and policies, Plaintiff and the Class have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
**(Violation of Ohio Minimum Fair Wage Standards Act)**

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended. O.R.C. 4111.03(A).

43. Defendant violated Ohio law by failing to include shift premiums and rention bonuses paid to, or on behalf of, Plaintiff and those similarly-situated when calculating their regular rate of pay.

44. Defendant's practice and policy of not including all remuneration for employment paid to, or on behalf of, Plaintiff and those similarly-situated when calculating their regular rate of pay caused them to receive less overtime compensation than they were entitled in violation of Ohio law.

45. As a result of Defendant's practices, Plaintiff and the Class have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws; and because wages remain unpaid, damages continue.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and all similarly-situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated employees informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the putative class;

C. Award Plaintiff and the class she represents actual damages for unpaid wages;

D. Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class she represents pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
614 W. Superior Ave., Suite 1148
Cleveland, OH 44113
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: jmoyle@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
        sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle

*Counsel for Plaintiff*
